ANDINO, RECURRENTE, *v*. EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la. Propiedad de San Juan, Sección 1ª.

No. 154.—Resuelto en octubre 29, 1913.

MANDATO—COBRO EXTRAJUDICIAL DE CRÉDITOS HIPOTECARIOS POR MANDATARIO CON FACULTADES PARA EJECUTAR Y CANCELAR HIPOTECAS.—En este caso el poder contenía la siguiente cláusula: "*Cuarta*. Para que dén y tomen dinero a préstamo en nombre del mandante, exigiendo y prestando o constituyendo las garantías o hipotecas que tengan por conveniente, ejecutando y cancelando las ya constituídas y vencidas y las sucesivas." *Se resolvió:* que el mandatario autorizado para cobrar judicialmente hipotecas y otorgar cancelaciones de las mismas, estaba implícitamente autorizado para cobrarlas y cancelarlas en el caso de que el deudor pagase voluntariamente.

Los hechos están expresados en la opinión.

Abogados del recurrente: Sres. *Travieso* e *Iriarte*.

El Registrador Sr. José S. Belaval compareció por escrito.

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

José López Pérez como apoderado de los esposos José Pérez Martínez y Rosario F. Villamil, reconoció en escritura pública de 14 de febrero de este año, haber recibido como tal apoderado de dichos señores, el importe de un crédito hipotecario debido a sus mandantes por Víctor Andino Vivar, por lo que le dió carta de pago de esa cantidad y consintió en que fuera cancelada la hipoteca constituída en garantía de esa deuda. Presentada esa escritura en el Registro de la Propiedad de San Juan, Sección 1ª., para su inscripción, el registrador se negó a inscribirla por el único fundamento de que el apoderado no tiene facultades para cobrar, contra cuya negativa se ha interpuesto en tiempo oportuno el pre-

sente recurso gubernativo en solicitud de que revoquemos la
expresada nota y ordenemos la inscripción del documento.

El poder que al recurrente otorgaron los esposos Pérez
Martínez y Villamil, entre otras facultades le confiere la
siguiente:

＊　　＊　　＊　　＊　　＊　　＊　　＊

"*Cuarta.* Para que den y tomen dinero a préstamo en nombre
del mandante, exigiendo y prestando o constituyendo las garantías
o hipotecas que tengan por conveniente, ejecutando y cancelando
las ya constituídas y vencidas y las sucesivas."

＊　　＊　　＊　　＊　　＊　　＊　　＊

Es cierto que ni esta cláusula ni otra alguna del poder
autoriza expresamente al mandatario para cobrar los cré-
ditos de sus mandantes, pero, sin menospreciar la regla de de-
recho de que los mandatos deben interpretarse siempre restric-
tivamente, podemos, interpretando racionalmente esa cláu-
sula, llegar a la conclusión de que al revestir los mandantes
a su apoderado con la facultad de ejecutar y de cancelar las
hipotecas ya constituídas y vencidas y las sucesivas, le dieron
también implícitamente poder para cobrar las cantidades ga-
rantizadas por las hipotecas que podía ejecutar y cancelar,
toda vez que siendo el primer trámite de la ejecución el reque-
rimiento de pago, no se concibe que autoricen al apoderado
para ejecutar la hipoteca vencida sin que al mismo tiempo
esté autorizado para obtener los resultados de la ejecución,
ya porque el deudor pague al ser requerido para ello, o ya
para recibir la cantidad que se obtenga en la subasta con que
termine la ejecución.   Este razonamiento es aplicable igual-
mente para el caso de cancelación por el pago voluntario del
deudor hipotecario.   La facultad de ejecutar y de cancelar
hipotecas lleva en sí el poder de gestionar el cobro de las can-
tidades garantizadas por las hipotecas y de recibir el importe
de ellas.   Una interpretación similar a la que sostenemos
se dió por esta corte en el caso de *Franceschi* v. *El Registra-
dor de la Propiedad,* 13 D. P. R., 233, al resolver que el man-
dato que autorizaba para reclamar, cobrar y percibir cuantas

cantidades de dinero, frutos, u otras especies se estuvieren adeudando o adeudaren en lo sucesivo al poderdante, otorgando los corrrespondientes recibos, cartas de pago y cancelaciones totales o parciales, implícitamente autorizaba para aceptar o recibir la venta de una finca en pago de lo que se debía al poderdante.

En cuanto a los casos de *Villar* v. *El Registrador,* 17 D. P. R., 434, y el de *Iturrondo* v. *El Registrador,* 17 D. P. R., 437, que el registrador recurrido cita en apoyo de su nota denegatoria de inscripción, no encontramos que la doctrina en ellos consignada sea pertinente al presente caso, porque lo que declaran es que la facultad concedida a un apoderado para hipotecar, no incluye la de tomar dinero a préstamo, por cuanto podía constituirse hipoteca sin mediar préstamo; mas cuando se faculta para ejecutar y cancelar una hipoteca constituída en garantía de un préstamo, no vemos que pueda ejercitarse ese poder si no se tiene el de recibir la cantidad del préstamo.

Por las razones expuestas, la nota recurrida debe ser revocada y ordenarse la inscripción del documento a que se refiere este recurso.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.